■ EMERALD INVESTORS LIMITED, Respondent, v NEWBY TOMS, Appellant. [19 NYS3d 421]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about July 2, 2014, which to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment in lieu of complaint awarding it renewal judgments pursuant to CPLR 5014, unanimously affirmed, with costs.

More than 10 years have elapsed since the first docketing of plaintiffs' two money judgments (CPLR 5014 [1]). We reject defendant's contention that under CPLR 5014, the lien on real property resulting from the docketing of a renewal judgment cannot extend beyond the 20-year statute of limitations applicable to the original judgment. A renewal judgment provides a judgment creditor with both a new 20-year judgment and a corresponding 10-year lien (*see Gletzer v Harris*, 51 AD3d 196 [1st Dept 2008], *affd* 12 NY3d 468 [2009]).

Defendant failed to raise a triable issue of fact as to a bona fide defense to the action. He offered no more than unsubstantiated, conclusory allegations of fraud with respect to the valid-

ity of the assignments of the original money judgments (*see Banesto Banking Corp. v Teitler*, 172 AD2d 469 [1st Dept 1991]). His remaining affirmative defenses are barred by the doctrine of collateral estoppel, since they were rejected in prior litigation, where he had a full and fair opportunity to litigate them (*see Cantor Fitzgerald Sec. v Port Auth. of N.Y. & N.J.*, 107 AD3d 510 [1st Dept 2013], *lv denied* 22 NY3d 856 [2013]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ. **[Prior Case History: 2014 NY Slip Op 31712(U).]**