Perlberger v Lutin (2022 NY Slip Op 00987)





Perlberger v Lutin


2022 NY Slip Op 00987


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kern, J.P., Oing, Singh, Moulton, González, JJ. 


Index No. 154885/18 Appeal No. 15316-15316A Case No. 2019-03346, 2021-00621 

[*1]Ralph Perlberger, Plaintiff-Respondent,
v
Gary Lutin, Defendant-Appellant.


Gary Lutin, appellant pro se.
Vernon & Ginsburg, LLP, New York (Yoram Silagy of counsel), for respondent.



Judgment, Supreme Court, New York County (James Edward D'Auguste, J.), entered June 5, 2019, which renewed a judgment in favor of plaintiff against defendant in the amount of $97,594.11, and order, same court and Justice, entered April 28, 2020, which denied defendant's motion to vacate the June 5, 2019 renewed judgment, unanimously affirmed, with costs.
On July 6, 2001, the Civil Court of the City of New York entered a money judgment in favor of plaintiff and against defendant in the amount of $37,043.75. On May 24, 2018, plaintiff brought this action by notice of motion for summary judgment in lieu of complaint seeking to renew the judgment and update the interest owed. Defendant opposed the motion. By order entered August 16, 2018, Supreme Court granted plaintiff's motion and ordered the parties to settle order on notice. After defendant rejected the proposed judgment numerous times, plaintiff filed a notice of settlement of order and judgment. Defendant then moved for Supreme Court to decline to sign and to dismiss the proceedings. By order entered April 18, 2019, Supreme Court denied defendant's motion and granted plaintiff's cross motion to the extent it directed entry of a renewed judgment with interest, costs, and disbursements as calculated by the County Clerk. On June 5, 2019, a renewed judgment was entered in favor of plaintiff and against defendant for a total of $97,594.11. Subsequently, defendant moved again to vacate the renewed judgment for lack of jurisdiction by Supreme Court. By order entered April 28, 2020, Supreme Court denied defendant's motion to vacate the renewed judgment.
As a preliminary matter, Supreme Court had jurisdiction to enter the renewed judgment. CPLR 5014 provides a renewal judgment action may be made "upon a money judgment entered in a court of the state" between the original judgment parties where 10 years have elapsed since the first docketing of the judgment. It does not limit renewal of such judgment to the same court which entered the judgment. In addition, Supreme Court had the authority to issue a renewed judgment restarting the 20-year time statute of limitations under CPLR 211(b) (Emerald Invs. Ltd. v Toms, 133 AD3d 558, 558 [1st Dept 2015]).
Plaintiff met his prima facie burden on his motion for summary judgment in lieu of complaint. He submitted a copy of the original judgment, showed it was against defendant, demonstrated it was filed and entered by the Civil Court on July 6, 2001 more than 10 years before this action, and his personal affidavit stated that the underlying judgment remains wholly unsatisfied (see CPLR 5014; Lull v Van Tassell, 171 AD3d 1155, 1156 [2d Dept 2019]). Defendant did not raise a triable issue of fact so as to preclude entry of the renewed judgment. While defendant averred that he and plaintiff had entered into a settlement prior to, during, and after the Civil Court litigation, his affidavit makes clear that plaintiff continued his efforts to collect on the original [*2]judgment until at least 2005 and there was no meeting of the minds regarding the settlement. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022